Mildred RAWLS, Appellant,

v.

UNITED STATES, Appellee.

No. 86–1045.

District of Columbia Court of Appeals.

Argued Feb. 11, 1988.
Decided March 21, 1988.

Ronald Horton, Public Defender Service, with whom James Klein, Public Defender Service, Washington, D.C., was on the brief, for appellant.

Elizabeth H. Danello, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., at the time the brief was filed, and Michael W. Farrell and Mary Ellen Abrecht, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and BELSON and ROGERS, Associate Judges.

PER CURIAM:

Appellant appeals from her conviction by a jury of second-degree murder while armed, D.C.Code §§ 22–2403, –3202 (1981), on the grounds that the trial court erred in admitting evidence of the decedent's past behavior toward appellant. We hold that in a homicide trial where the accused raises a claim of self-defense, the government may properly introduce evidence of the prior relationship between the defendant and the victim to show who was the initial aggressor and whether the defendant was in reasonable fear of imminent great bodily harm. Accordingly, we affirm.

I.

An altercation occurred between appellant and the decedent, Winfred Price, on February 9, 1985. The government's evidence established that on that date appellant arrived at the apartment of Clarence Hobey and subsequently fell asleep at his dining room table. Hobey lived down the street from appellant and had known her for seven or eight years.

Approximately thirty minutes later, Winfred Price, who lived across the hall from Hobey and whom Hobey had known for four years, arrived at Hobey's apartment. Price and appellant were boyfriend and girlfriend. Hobey thought that Price had been drinking. He saw Price walk over to appellant, grab her arm, and tell her to go home with him to sleep. Appellant then rose to put on her coat and leave. Hobey returned to the kitchen and heard appellant and Price argue for several minutes. He then heard appellant yell "turn me loose," and came out of the kitchen to see what was happening. Hobey found Price holding appellant by both of her arms and appellant removing an object, later found to be a knife, from Price's chest.

Following the stabbing, Price left the apartment, and Hobey immediately telephoned for an ambulance and the police. The police found Hobey mopping the blood from the floor but no evidence of a physical struggle. Both Hobey and appellant initially told police that Price had arrived at Hobey's apartment already wounded. Four days later, appellant gave the police a written statement denying that she knew who had stabbed Price. Four days after that she gave a second statement to the police admitting that she had stabbed Price, but claiming that she had acted in self-defense.

Price died from the stab wound. An autopsy revealed no bruises on Price's knuckles but did disclose several cuts on his fingers that the medical examiner identified as defensive wounds.

II.

Appellant claims that the trial court erred in allowing the government to elicit

testimony that Price had not physically abused appellant in the past. She maintains that this testimony is irrelevant to the issue of her fear of Price and her motivation in stabbing him. We disagree.

In *Carter v. United States*, 475 A.2d 1118 (D.C.1984), *cert. denied*, 469 U.S. 1226, 105 S.Ct. 1222, 84 L.Ed.2d 362 (1985), the court held that "once appellant open[ed] the door to the reputation of the deceased for peace or violence by claiming self-defense, the prosecutor has a corresponding right to rebut with evidence of the non-combative nature of the decedent." *Id.* at 1121. The court previously had recognized that when a defendant is accused of homicide, the defendant may properly introduce evidence of specific instances of the victim's violent conduct in support of a claim of self-defense. *Johns v. United States*, 434 A.2d 463, 468 (D.C.1981); *United States v. Akers*, 374 A.2d 874, 877 (D.C.1977). Indeed, such evidence is not limited to the victim's general reputation for violence but may include testimony about specific acts. *Johns, supra,* 434 A.2d at 469. Appellant has not presented and we have found no principled basis on which to distinguish the right of the government to introduce such evidence when self-defense is claimed by the defendant. "[T]he peaceful or violent character of the decedent became particularly significant" in light of appellant's claim of self-defense. *Carter, supra,* 475 A.2d at 1121. In *Johns, supra,* the court explained:

> Such evidence may be relevant to the two basic self-defense issues: (1) the objective question who was the aggressor, and (2) the subjective evaluation of the defendant's state of mind: whether she was in reasonable fear of imminent great bodily injury.

*Id.* 434 A.2d at 469 (citing *United States v. Burks*, 152 U.S.App.D.C. 284, 286 & n. 4–287 & n. 5, 470 F.2d 432, 434 & n. 4–435 & n. 5 (1972)).

In the instant case, Hobey testified that although appellant and Price argued all the time, he had never seen Price hit appellant.

His testimony was not limited to a few isolated instances of Price's conduct. Rather, Hobey testified on the basis of his long-standing relationship with appellant and Price, both of whom he had known for several years and whom he had had the opportunity to observe on an almost daily basis.

It is of no legal significance that the government elicited this evidence in its case-in-chief. The government was put on notice that appellant intended to assert a claim of self-defense by her February 17 statement to the police, defense counsel's warning that he would seek a self-defense instruction, and the defense's opening statement at trial. "Therefore, the fact that the government's character evidence was presented prior to appellant's formal assertion of self-defense seems to us to be immaterial." *Carter, supra,* 475 A.2d at 1122. In *Carter,* the court recognized that there were a number of ways in which a defendant could interpose a defense of self-defense, 475 A.2d at 1122, and the fact that appellant here, unlike the defendant in *Carter,* did not testify makes no difference; her explanation for her assault of Price was nonetheless a part of the case.[1]

Accordingly, the judgment of conviction is affirmed.

---

**1.** Appellant's contention that there was insufficient evidence of provocation to sustain her conviction for second-degree murder is meritless. *West v. United States,* 499 A.2d 860, 864 (D.C.1985) (quoting *Hurt v. United States,* 337 A.2d 215, 218 (D.C.1975)). *See also Nicholson v. United States,* 368 A.2d 561, 565 (D.C.1977).